**Eliseo GERMAN, Petitioner–Appellant,**

v.

**Robert A. HOREL, Warden, Respondent–Appellee.**

No. 10–55130.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2012.

Filed June 18, 2012.

Sean Kevin Kennedy, Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Petitioner.

Eliseo German, Calipatria, CA, pro se.

Michael A. Katz, Esquire, Deputy Assistant Attorney General, Michael Katz, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent.

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Before: TROTT and BYBEE, Circuit Judges, and DUFFY, District Judge.*

MEMORANDUM **

A jury convicted Eliseo German of assault with force likely to result in great bodily injury and found that he committed the assault for the benefit of a criminal street gang in violation of California Penal Code section 186.22(b)(1). *See People v. Mesa*, 54 Cal.4th 191, 142 Cal.Rptr.3d 2, 7–8, 277 P.3d 743 (2012). On appeal, the California Court of Appeal affirmed.

Through a habeas petition, German now challenges the gang enhancement as not supported by substantial evidence. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

"*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. ——, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012) (per curiam); *see also Parker v. Matthews*, 567 U.S. ——, 132 S.Ct. 2148, —— L.Ed.2d ——, 2012 WL 2076341, at *3–4 (2012) (per curiam) (applying this "twice-deferential standard" and holding that a state supreme court's rejection of a *Jackson* claim was "controlling in this federal habeas proceeding"). On habeas review, we "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because [we] disagree[ ] with the state court"; rather, we may do so only if the state court decision was "objectively un-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable." *Coleman,* 132 S.Ct. at 2062–63 (internal quotation marks omitted).

Here, the testimony of a gang expert regarding, among other things, how a gang might benefit from committing attacks on others was sufficient to support the gang enhancement.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.